TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KELSEY A. STIMSON (Cal. Bar No. 360437)
Assistant United States Attorney
Deputy Chief, General Crimes
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Major Crimes Section
1200/1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-8230/8559
Facsimile: (213) 894-6269/9432
E-mail: Kelsey.Stimson@usdoj.gov
Kim.Meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ADRIAN GONZALEZ,<br><br>Defendant. | No. CR 25-969-AH<br><br><u>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT [23]</u><br><br>**NOTE CHANGES MADE BY COURT** |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on June 23, 2026. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial

date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, the number of victims, and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from July 21, 2026 to **March 2, 2027 at 8:30 a.m.** The status conference hearing is continued to **February 10, 2027 at 9:00 a.m.**

2. The time period of July 21, 2026, to March 23, 2027, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

JUNE 24, 2026
DATE

HONORABLE ANNE HWANG
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
KELSEY A. STIMSON
KAREN I. MEYER
Assistant United States Attorneys